UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DE LAGE LANDEN FINANCIAL SERVICES, INC.,

Plaintiff,

v.

POINDEXTER NUT COMPANY, INC.,

Defendant.

Case No. 1:26-cv-02615-JLT-EPG

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED

(ECF No. 12)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

Plaintiff De Lage Landen Financial Services, Inc. ("Plaintiff") moves for default judgment against Defendant Poindexter Nut Company, Inc. ("Defendant") on state law breach of contract claims.[1] (ECF No. 12).

For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment be granted.

## I. BACKGROUND

Plaintiff filed its complaint on April 7, 2026. (ECF No. 1). It alleges that Plaintiff entered into seven different agreements with Defendant between November 2021 and July 2023 for the lease of certain equipment for use in Defendant's business operations, resulting in Defendant's agreement to make monthly payments to Plaintiff for a period of either forty-eight or sixty months. (*Id.* at 3-4, 6-10, 12). Defendant defaulted under the terms of each agreement on or

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19).

around October 15, 2025, by failing to make the required monthly payment under each agreement. (*Id.* at 3, 5-6, 8-9, 11-12). Plaintiff provided Defendant with notice of default and demanded payment of the amounts due under the agreements and surrender of the equipment. (*Id.* at 3-12). Plaintiff asserts that, under the terms of each agreement, it is owed past due and billed payments, late charges, finance charges, insurance, booked residual value, and interest, in addition to costs and attorney's fees. (*Id.* at 4-13). The complaint asserts claims for breach of contract, claim and delivery, conversion, and injunctive relief against Defendant. (*Id.* at 3-16).

After Defendant failed to respond to the complaint, Plaintiff obtained a clerk's entry of default against it under Federal Rule of Civil Procedure 55(a). (ECF Nos. 8, 10). Plaintiff moved for default judgment on July 10, 2026. (ECF No. 12).[2] In support of its motion, it has filed the declaration of its attorney, Lucy Mekhael, regarding costs and attorney's fees and the declaration of its litigation and recovery specialist, Joe Paneghello, regarding damages. (ECF Nos. 13, 14).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a defendant who has failed to defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the Court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th

[2] Because Plaintiff has since recovered its equipment from Defendant, it moves solely for a money judgment. (ECF No. 12 at 2 n.1).

Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

## III. DISCUSSION

The Court first addresses its subject matter jurisdiction for entering a default judgment and personal jurisdiction over Defendant. The Court will then examine the *Eitel* factors and the terms of the proposed judgment.

### A. Jurisdiction and Service of Process

#### 1. Subject matter jurisdiction

Plaintiff's complaint alleges subject-matter jurisdiction under 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). (ECF No. 1, p. 1).

The amount sought here is greater than $75,000. (*Id.* at 1; *see* ECF No. 12, p. 8). Therefore, the minimum amount in controversy required for diversity jurisdiction is satisfied.

Plaintiff and Defendant are also diverse in citizenship. A corporation is "a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The complaint alleges that Plaintiff is "a corporation duly organized and existing under the laws of the State of Michigan with its principal place of business in Wayne, Pennsylvania," and Defendant is "a California [c]orporation with its principal place of business located in Selma, California." (ECF No. 1 at 2). Therefore, Plaintiff is a citizen of Michigan and Pennsylvania and Defendant is a California citizen.

Accordingly, Plaintiff has established that the Court has diversity jurisdiction in this case.

#### 2. Personal jurisdiction

"A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d at 712. "Serving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is

located." Fed. R. Civ. P. 4(k)(A). There are two main types of personal jurisdiction, general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 122, 126-127 (2014) (discussing differences between general and specific jurisdiction). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)

Here, the Court finds that it has general jurisdiction over Defendant, who as noted above, is incorporated in California with its principal place of business in California.

Turning to service, Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Plaintiff has submitted the declaration of a process server stating that Defendant was served by personally delivering the summons and complaint on Mike Poindexter in his capacity as the CEO of Defendant. (ECF No. 7).

Accordingly, the Court finds that Plaintiff has complied with Rule 4. *See Geller v. World Tech*, No. 5:11-CV-01732 EJD, 2011 WL 5825928, at *2 (N.D. Cal. Nov. 17, 2011) (finding service proper under Rule 4(h)(1)(B) when service was made on the CEO of a corporation).

**B. *Eitel* Factors**

**1. Prejudice to Plaintiff**

Turning to the *Eitel* factors, Plaintiff argues that it will be prejudiced if judgment is not entered "because Defendant refused to participate in the action and has made default judgment the sole avenue of relief available to Plaintiff." (ECF No. 12, p. 9).

The Court agrees. If default judgment is not entered, Plaintiff will effectively be denied relief, as it is apparent that Defendant will not defend this action, and the complaint alleges that Defendant is in default of the unpaid amounts owed to Plaintiff under the terms of the seven agreements.

Accordingly, this *Eitel* factor weighs in favor of granting default judgment.

///

**2. Substantive merits and sufficiency of complaint**

As to the second and third *Eitel* factors, Plaintiff argues that the elements of breach of contract are met. (*Id.* at 10).[3]

For the second and third *Eitel* factors, the Court weighs the merits of the substantive claims and the sufficiency of the operative complaint. *Eitel*, 782 F.2d at 1471-72. Essentially, these "factors require [a] plaintiff to state a claim on which plaintiff can recover." *OL USA LLC v. TTS Int'l LLC*, No. 2:21-CV-1541 WBS DB, 2022 WL 2208527, at *2 (E.D. Cal. June 21, 2022), *report and recommendation adopted*, 2022 WL 4450658 (E.D. Cal. Sept. 23, 2022).

Plaintiff's motion for default judgment argues that there was a breach of contract under California law, but the Court notes that the agreements contain a choice of law provision for Pennsylvania law. (*Compare* ECF No. 12, p. 10, *with* ECF No. 1, pp. 20, 26, 35, 41, 47, 53, 59). Nevertheless, the Court need not resolve this issue because both California and Pennsylvania law have essentially the same fundamental elements for breach of contract.

"Under Pennsylvania law, 'three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages.'" *Doe v. Univ. of the Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (alterations and footnote omitted) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Similarly, under California law, the elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted).

The Court finds that Plaintiff has alleged sufficient facts for a claim for breach of contract under either California or Pennsylvania law. As alleged in Plaintiff's complaint, Plaintiff and Defendant agreed to certain terms regarding leases for equipment, Plaintiff performed its obligations, Defendant failed to make monthly payments when due, and Plaintiff suffered

---

[3] Although Plaintiff also asserts claims for conversion, injunctive relief, and claim and delivery in its complaint, (ECF No. 1, p. 13-16), as noted above, Plaintiff "has since recovered its equipment from Defendant and [] moves for a money judgment only," (ECF No. 12, p. 2 n.1). Plaintiff has indicated that it will dismiss its claims for conversion, injunctive relief, and claim and delivery upon the granting of its motion for default judgment. (*Id.*).

damages as a result of the breaches. (ECF No. 1, pp. 3-13).

Accordingly, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

**3. Sum of money in relation to seriousness of conduct**

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment.

Plaintiff requests $547,975.45, which includes past due and billed payments, late charges, finance charges, insurance, booked residual value, and interest accrued from the default date through July 10, 2026, the date Plaintiff filed the motion for default, minus the net sale proceeds for certain equipment sold after Plaintiff repossessed its equipment. (ECF No. 12 pp. 5-7). Plaintiff also requests $12,382.50 in attorney's fees and $543.40 in costs. (*Id.* at 12).

The Court does not find this amount to be excessive as it is based upon Defendant's obligations under the terms of the seven agreements.

Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

**4. Possibility of dispute**

No genuine issue of material fact is likely to exist. Defendant has not responded to the complaint, and Plaintiff has adequately alleged a breach of contract by Defendant. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

**5. Whether the default was due to excusable neglect**

The Court finds that the default in this matter was not due to excusable neglect. Defendant was served with the complaint and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

**6. Policy favoring decision on the merits**

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, the [Defendant's] failure to appear has made a decision on the merits impossible at this juncture." *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report*

*and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020).

Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

**7. Conclusion**

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Defendant.

**C. Terms of Judgment**

Plaintiff's complaint seeks past due and billed payments, late charges, finance charges, insurance, booked residual value, and interest, in addition to attorney's fees and costs. (ECF No. 1, pp. 4-13). The agreements at issue provide as follows:

> **8. DEFAULT AND REMEDIES:** . . . . Upon any default, we may do one or more of the following: (i) declare the entire of the unpaid Payments for the full term immediately due and payable, (ii) sue you for and receive all Payments and any other payments then accrued or accelerated under this Agreement or any other agreement plus the estimated fair market value of the Equipment at the end of the originally scheduled Agreement Term, and all accelerated Payments and the estimated fair market value will be discounted to the date of default at the lesser of (A) a per annum interest rate equivalent to that of a U.S. Treasury constant maturity obligation that would have a repayment term equal to the remaining Agreement term, all as reasonably determined by us; or (B) 3% per annum, but only to the extent permitted by law; (iii) charge you interest on all monies due to us at the rate of 18% per year from the date of default until paid, but only to the extent permitted by law; (iv) charge you a returned check or non-sufficient funds charge of $25.00 for a check that is returned, and (v) require that you immediately return the Equipment to use or we may peaceably repossess it. Such return or repossession of the Equipment will not constitute a termination of this Agreement. If the Equipment is returned or repossessed, we may sell or re-rent the Equipment at any terms we determine, at one or more public or private sales, on our premises or elsewhere, with or without notice to you, and apply the net proceeds, after deducting the related costs and expenses, to your obligations with you remaining liable for any deficiency and any excess being retained by us. . . . You shall pay (i) all expenses incurred by us in connection with enforcement of any remedies, including all expenses of repossessing, storing, shipping, repairing, and selling the Equipment, and (ii) reasonable attorney's fees.

(ECF No. 1, pp. 20, 25-26, 35, 40-41, 46-47, 52-53, 58-59).

**1. Damages**

As noted above, Plaintiff seeks default judgment and relief only as to its breach of contract claims against Defendant.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining the appropriate sum for a default judgment, a court may rely on the affidavits or documentary evidence submitted by the plaintiff or order an evidentiary hearing. *See* Fed. R. Civ. P. 55(b)(2); *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1235 (E.D. Cal. 2008) ("Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing.") (citation omitted).

Under California law, the prevailing party in a breach of contract claim is entitled to recover "as nearly as possible the equivalent of the benefits of performance." *Lisec v. United Airlines, Inc.*, 10 Cal. App. 4th 1500, 1503 (1992). Moreover, a plaintiff is also entitled to prejudgment interest under California law. *See* Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."); *State of California v. Cont'l Ins. Co.*, 15 Cal.App.5th 1017, 1038 (2017) ("Under [§ 3287(a)], prejudgment interest is allowable where the amount due plaintiff is fixed by the terms of a contract . . . .") (citation omitted).

The following table illustrates all the monetary relief sought in this case.

| Description | Amount |
|---|---|
| Agreement No. 8611 | $15,052.62 |
| Agreement No. 9290 | $219,989.04 |
| Agreement No. 9486 | $38,259.60 |
| Agreement No. 9324 | $67,418.72 |
| Agreement No. 9314 | $53,021.72 |
| Agreement No. 9296 | $62,094.50 |
| Agreement No. 9497 | $92,139.25 |
| Attorney's Fees | $12,382.50 |
| Costs | $543.40 |
| **TOTAL JUDGEMENT AMOUNT SOUGHT** | **$560,901.35** |

Plaintiff further requests interest in the amount of $270.23 per day after July 10, 2026, for the seven agreements, (ECF No. 12, pp. 7, 12), in addition to post-judgment interest, (*id.* at 12). The Court will address the attorney's fees ($12,382.50) and costs ($543.40) separately below but will recommend that Plaintiff be granted its requested relief.

Notably, the motion for default judgment explains how the principal, interest, and fees were calculated. (*Id.* at 5-7). Moreover, these amounts are supported by the declaration of Joe Paneghello. (ECF No. 13, pp. 5-10).

Additionally, "[u]nder 28 U.S.C. § 1961, the award of post judgment interest on a district court judgment is mandatory." *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). Plaintiff is therefore entitled to it.

**2. Attorney's fees and costs**

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California Civil Procedure Code § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Further, "parties to actions or proceedings are entitled to their costs[.]" Cal. Civil Proc. Code § 1021.

Here, the terms of the agreements provide that Plaintiff shall be entitled to reasonable attorney's fees and costs incurred to enforce the contracts. (ECF No. 1, pp. 20, 26, 35, 41, 47, 53, 59). Thus, the Court finds that Plaintiff is entitled to attorney's fees and costs under California law.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal.4th 1084, 1095 (2000). "[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also PLCM Grp.*, 22 Cal.4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work."). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The trial court is given "broad authority to determine the amount of a reasonable fee." *PLCM Grp.*, 22 Cal.4th at 1095.

Here, Plaintiff's counsel, Lucy H. Mekhael, seeks attorney's fees in the amount of $12,382.50 for work performed at her hourly rate of $325.00 per hour. (ECF No. 12, p. 12; ECF No. 14, p. 4-5). Plaintiff also seeks a total of $543.40 in costs, which consists of the filing fee and service of process on Defendant. (*Id.*). In support of the fees and costs requested, Plaintiff submits Mekhael's declaration, Paneghello's declaration, a timesheet, and itemized expenses. (ECF Nos. 13, 14).

Attorney Mekhael's declaration states that she has nearly thirty years of litigation experience with an emphasis in creditors' rights and business and commercial litigation. (ECF No. 14, p. 5). The attached timesheet lists the tasks performed in this case. (*Id.* at 10-19). Further, the declaration reflects that a total of 38.1 hours were spent on this case, *i.e.*, 38.1 x $325 = $12,382.50. (*See id.* at 5, 10-19).

The Court finds the requested hourly rate of $325 to be reasonable in light of the hourly rates awarded in the Eastern District. *See BMO Harris Bank N.A. v. Ronsher Trans*, No. 1:23-cv-00369-ADA-SAB, 2023 WL 4234665 at *10 (E.D. Cal. June 28, 2023) ("Hourly rates for attorney fees awarded in the Eastern District of California range from $200-$750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years.") (collecting cases), *report and recommendation adopted*, 2023 WL 5673020 (E.D. Cal. Sep. 1, 2023). The Court concludes that Attorney Mekhael's rate for work performed in this case is reasonable in light of Attorney Mekhael's nearly thirty years of experience. *See Siafarikas v. Mercedez- Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney "who has practiced law for 21 years").

The Court also concludes that the hours expended in this matter, resulting in an award of $12,382.50, are reasonable. Specifically, the Court notes that other courts in this district have awarded comparable attorney's fees for work on similar cases involving default judgment. *See Ascentium Cap. LLC v. Indu Motel, LLC*, No. 2:21-cv-00376 KJM CKD, ECF Nos. 18, 19 (awarding $10,278.00 in attorney's fees); *Phillips 66 Co. v. Grainer*, No. 1:13-cv-01890 LJO

BAM, ECF Nos. 36, 37 (awarding $12,005.35 in attorney's fees). Therefore, the Court finds that the total amount of attorney's fees sought here, $12,382.50, is warranted.

Based on the foregoing, the Court will recommend that Plaintiff be awarded attorney's fees of $12,382.50 and $543.40 for costs.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons given, Plaintiff is entitled to default judgment. Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 12) be GRANTED in full, as specified below:
    a. Judgment be entered in favor of Plaintiff De Lage Landen Financial Services, Inc. against Defendant Poindexter Nut Company, Inc.
    b. Plaintiff be awarded $560,901.35 total in monetary relief.
    c. Plaintiff be awarded $12,382.50 in attorney's fees and $543.40 in costs as part of the total award of $560,901.35.
    d. Plaintiff be awarded prejudgment interest accrued at the daily rate of $270.23 for each day after July 10, 2026.
    e. Plaintiff be awarded post-judgment interest accruing at the legal rate.[4]
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file

[4] Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges. *See* 28 U.S.C. § 1961(a).

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 14, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE