**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>POINDEXTER NUT COMPANY, INC.,<br><br>Defendant. | Case No. 1:26-cv-02615 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Docs. 12, 23) |

De Lage Landen Financial Services, Inc. asserts Poindexter Nut Company, Inc. is liable for breach of contract, claim and delivery, conversion, and injunctive relief. (*See generally* Doc. 1.) After Defendant failed to answer, the Court entered default against Defendant. (Doc. 10.) Plaintiff now moves for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, seeking damages related to several equipment lease agreements. (Doc. 12.)

The magistrate judge determined Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (Doc. 23 at 3-4.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendant and submitted evidence in support of its damages. (*Id.* at 5-6, 7-9) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the Court grant the motion, with damages awarded in the amount of $547,975.45,

plus post-judgment interest. (*See id*. at 7-9, 11.)

The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs. (Doc. 23 at 9-11.) The magistrate judge found the requested hourly rate of $325 was reasonable based upon the experience of counsel. (*Id.* at 10.) In addition, the magistrate judge determined that "the hours expended in this matter … are reasonable." (*Id.*) Finally, the magistrate judge found costs in the amount of $543.40—which included the Court's filing fee and service of process—were reasonable and recommended the Court award the requested amount. (*Id.*)

The Court served the Findings and Recommendations and notified the parties that any objections were due within 14 days. (Doc. 23 at 11.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 11-12, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No objections were filed, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 14, 2026 (Doc. 23) are **ADOPTED** in full.
2. Plaintiff's motion for default judgment (Doc. 12) is **GRANTED**.
3. Plaintiff is **AWARDED** monetary damages in the amount of **$547,975.45**.
4. Plaintiff's request for fees and costs is **GRANTED**, in the amount of $12,382.50 in attorney fees and $543.40 in costs, for a total of **$12,975.90**.
5. Plaintiff **SHALL** be awarded prejudgment interest accrued at the daily rate of $270.23 for each day after July 10, 2026.
6. Plaintiff **SHALL** be awarded post-judgment interest accruing at the legal rate.

///

///

///

7. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant, and to close this case.

IT IS SO ORDERED.

Dated: _September 2, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE